# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ZACHARY MAODUS,<br>*Plaintiff*<br><br>v.<br><br>**SPROUT FOODS, INC., NEPTUNE GROWTH VENTURES INC., and NEPTUNE WELLNESS SOLUTIONS, INC.,**<br>*Defendants* | § § § § § § § § § § § § § **Case No. 1:24-CV-001189-RP** |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** **THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion to Remand, filed October 16, 2024 (Dkt. 6); Defendants Neptune Growth Ventures Inc. and Neptune Wellness Solutions, Inc.'s Response and Defendant Sprout Foods, Inc.'s Joinder in Defendants Neptune Growth Ventures Inc. and Neptune Wellness Solutions, Inc.'s Response, both filed October 30, 2024 (Dkt. 11); and Plaintiff's Reply, filed November 4, 2024 (Dkt. 12).[1]

## I. Background

Plaintiff Zachary Maodus, a resident of Austin, Texas, filed this suit in Travis County District Court against his former employer, Sprout Foods, Inc., a Delaware corporation with its principal place of business in New Jersey; and Sprout's parent companies, Neptune Growth Ventures, Inc. and Neptune Wellness Solutions, Inc., Canadian corporations with their principal places of

---

[1] By Text Order entered December 10, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

business in Canada (collectively, "Neptune"). Plaintiff's Original Petition, Dkt. 1-1. Maodus alleges that Defendants breached his employment agreement by firing him and failing to pay him severance. Maodus seeks more than $250,000 in damages, attorney's fees, and costs.

Neptune removed this action to this Court on October 4, 2024. Dkt. 1. Maodus seeks remand, contending that removal was procedurally defective.

## II.   Legal Standards

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted jurisdiction over two general types of cases: those arising under federal law ("federal question jurisdiction"), and those in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019). To properly allege diversity jurisdiction under § 1332, Neptune must allege "complete diversity," which means that "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, L.L.C. v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023).

### A. Removal

Neptune removed this case under the general removal statute, 28 U.S.C. § 1441(a), which provides:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Neptune alleges that the Court has original jurisdiction over this case based on diversity of citizenship under § 1332.

2

The party seeking removal bears the burden to establish federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted).

Removal may be improper for jurisdictional and procedural reasons. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020). A party asserting jurisdictional or procedural defects in removal may move to remand under 28 U.S.C. § 1447(c). Jurisdictional defects may be asserted at any point before a final, non-appealable judgment is rendered. *Hinkley*, 968 F.3d at 549. By contrast, procedural defects require the action to be remanded to state court only if plaintiff moves to remand "within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

**B. Rule of Unanimity**

28 U.S.C. § 1446 outlines the procedural requirements for removal. Section 1446(a) requires the "defendant or defendants desiring to remove any civil action from a State court" to "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." The notice of removal must be filed within thirty days after service of summons on the defendant. § 1446(b)(1). Where multiple defendants are involved, the thirty-day period begins to run as soon as the first defendant is served so long as the case is then removable. § 1446(b)(2)(B). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A).

To comply with this provision, "all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576

3

(5th Cir. 2015) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) ("It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."). This requirement is known as the "rule of unanimity." *Powers*, 783 F.3d at 576.

> [W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some other person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil*, 841 F.2d at 1262 n.11.

To properly establish consent to removal,

> a defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court. Rather, the removing defendants must also at a minimum unambiguously state that they have been authorized to represent to the court on behalf of the non-removing defendant that the non-removing defendant has consented to the removal.

*Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 709 (E.D. Tex. 2011). Courts in this Circuit "have found removals defective when they have not met the requirements laid out in *Getty Oil* and have consistently rejected representations from one party that another party consents in the removal." *Okoronkwo v. Bolen*, No. A-18-CV-00542-RP, 2019 WL 433739, at *3 (W.D. Tex. Feb. 2, 2019) (collecting cases), *R. & R. adopted*, No. 1:18-CV-542-RP, 2019 WL 2565251 (W.D. Tex. Feb. 20, 2019).

4

### III.    Analysis

Maodus timely moves to remand based on procedural defects. It argues that Neptune's Notice of Removal was procedurally defective under § 1446(b)(2)(A) because Defendant Sprout did not sign the Notice of Removal or timely consent to the removal.

Defendants concede that Sprout did not sign the Notice of Removal filed on October 4, 2024, but argue that Sprout gave Neptune "authorized written consent" to the removal. Dkt. 10 at 3. To show this, Defendants rely on (1) Neptune's allegation in its Notice of Removal that "Sprout consents to removal of this action," Dkt. 1 at 2, and (2) a statement by Neptune's counsel, Jheris Jordan, in her declaration attached to the Notice of Removal that "Sprout consented to the removal," Dkt. 1-3 ¶ 5.

Neither statement shows that Neptune was authorized to formally represent to the Court on behalf of Sprout that Sprout consented to the removal. Sprout and Neptune are separate entities and are not represented by the same counsel. Courts have found similar statements in notices of removal insufficient to show written consent. *Getty Oil*, 841 F.2d at 1262 n.11; *Okoronkwo*, 2019 WL 433739, at *3; *Hammonds v. Youth for Christ U.S.A.*, 2005 WL 3591910, at *3 (W.D. Tex. Aug. 16, 2005); *Spoon*, 794 F. Supp. 2d at 709.[2]

> The dispositive factor in *Getty Oil* was not what the notice of removal stated or what communication the removing defendant may have received from the non-removing defendant. Rather, the dispositive factor was what the district court had not received from the non-removing defendant, i.e. the district court had not received a "timely filed written indication" from the non-removing defendant "itself" on which the court could "bind the allegedly consenting defendant."

---

[2] Neptune analogizes this case to *James v. Nat'l Cont'l Ins. Co.*, No. CV 23-1687-JWD-EWD, 2024 WL 4143582, at *3 (M.D. La. Aug. 26, 2024), *R. & R. adopted*, 2024 WL 4142743 (M.D. La. Sept. 10, 2024), but the facts are distinguishable because defendants here are represented by different counsel. Under *Getty Oil*, Sprout's consent is insufficient because it is untimely and fails to cure the procedural defect.

5

794 F. Supp. 2d at 709 (quoting *Getty Oil*, 841 F.2d at 1262 n.11).

Defendants also rely on a post-removal declaration dated and filed October 30, 2024 from Sprout's counsel, Taylor Yetter:

> I spoke with co-defendants Neptune Wellness Solutions, Inc., and Neptune Growth Ventures Inc., ("Neptune") counsel (Veronica Hunter and Jheris R. Jordan) on September 13, 2024, concerning Sprouts desire to remove this case to federal court. On behalf of Sprout, I consented to and authorized Ms. Hunter and Ms. Jordan to inform and represent to the Court that Sprout consented to removal and make all necessary representations on Sprout's behalf with their professional judgment.
>
> With regard to the removal, Ms. Hunter and Ms. Jordan had the express authority to bind Sprout to the removal.

Dkt. 10 at 14 ¶ 3. This declaration was filed after § 1446's 30-day deadline and cannot cure the procedurally defective removal. *See Ahmed v. ASI Lloyds*, No. SA-17-CA-00336-FB, 2017 WL 9401067, at *2 (W.D. Tex. July 7, 2017) ("If written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded."), *R. & R. adopted*, 2017 WL 9403301 (W.D. Tex. Aug. 30, 2017); *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-CV-1773-M, 2012 WL 5355958, at *3-4 (N.D. Tex. Oct. 30, 2012) ("Tardy consent does not satisfy the Fifth Circuit's rigid interpretation of § 1446(b)(2)(A)."); *Perez v. Wells Fargo Bank, N.A.*, No. SA-11-CA-519-FB, 2011 WL 13324329, at *10 (W.D. Tex. Sept. 8, 2011) (stating that the failure to establish the consent of all served defendants to a notice of removal within the thirty-day removal period is a substantial procedural defect that cannot be corrected by amendment after the expiration of the thirty-day removal period under § 1653), *R. & R. adopted*, 2011 WL 13324371 (W.D. Tex. Sept. 28, 2011); *Samuel v. Langham*, 780 F. Supp. 424, 427-28 (N.D. Tex. 1992) (holding that response to plaintiff's motion to remand stating that defendant consented to removal was insufficient to show consent because it was filed after the 30-day deadline); *Moody v. Com. Ins. of Newark, New Jersey*,

753 F. Supp. 198, 201 (N.D. Tex. 1990) ("The Court finds that the amended notice of removal was not timely filed and, therefore, cannot cure the original notice of removal which was procedurally defective.").

Because Sprout did not provide the Court with timely written notice of its intent to join in the Notice of Removal, Neptune's Notice of Removal was procedurally defective.

## IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion to Remand (Dkt. 6) and **REMAND** this action to state court under 28 U.S.C. § 1447(c).

It is **FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on February 6, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE